**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| John Francis Mahoney,<br><br>            Plaintiff,<br><br>v.<br><br>Sheena Valdez, et al.,<br><br>            Defendants. | No. CV-23-08607-PCT-DJH<br><br>**ORDER** |

Defendants Sheena Valdez and Danielle Thorhaug ("Defendants"), Probation Officers for the State of Arizona, have filed a Motion to Dismiss for Lack of Subject Matter Jurisdiction and Failure to State a Claim under Federal Rules of Procedure 12(b)(1) and 12(b)(6). (Doc. 42). *Pro se* Plaintiff John Francis Mahoney ("Plaintiff") has not filed a Response, nor Defendants a Reply, and the time to do so has passed. LRCiv 7.2(c–d) (giving an opposing party 14 days to file a responsive memorandum and a moving party 7 days to file a reply). Plaintiff has also filed various other motions, including: a Motion for Leave to File Non-Electronic Evidence (Doc. 38); a Motion for Extension of Time to File Notice of Removal[1] (Doc. 39); a Motion for Entry of Default Judgment (Doc. 48); a Motion to Dismiss the State's Competency Challenge (Doc. 50); and a Motion to Compel the Production of State Court Transcripts (Doc. 56). For the reasons that follow, the Court will grant Defendants' Motion, dismiss this action, and deny Plaintiff's Motions as moot.

**I.    Background**

---

[1] The Court notes that this matter is already pending in federal court, so a Notice of Removal from state court is unnecessary.

|   |   |
|---|---|
| 1 | Plaintiff pled guilty to various felonies and misdemeanors in Arizona state court and was sentenced to five years of "standard probation" as a result. (Doc. 42-1 at 2–7). On November 20, 2023, Plaintiff filed an eighty-page Complaint seeking declaratory and injunctive relief against Defendants and requested that the Court clarify "the rights and duties of the parties under the Interstate Compact." (Doc. 1 at 1–2). Plaintiff filed an Amended Complaint on November 29, 2024, alleging these same claims and facts but attaching additional exhibits. (Doc. 8 at 1–2). The "Interstate Compact" Plaintiff speaks of is a compact probationers may apply for to transfer their probation to another state. (Doc. 42 at 2). Plaintiff applied to transfer his probation from Arizona to California but withdrew his request as a result of the Covid-19 pandemic. (Doc. 42-1 at 10). |

Plaintiff pled guilty to various felonies and misdemeanors in Arizona state court and was sentenced to five years of "standard probation" as a result. (Doc. 42-1 at 2–7). On November 20, 2023, Plaintiff filed an eighty-page Complaint seeking declaratory and injunctive relief against Defendants and requested that the Court clarify "the rights and duties of the parties under the Interstate Compact." (Doc. 1 at 1–2). Plaintiff filed an Amended Complaint on November 29, 2024, alleging these same claims and facts but attaching additional exhibits. (Doc. 8 at 1–2). The "Interstate Compact" Plaintiff speaks of is a compact probationers may apply for to transfer their probation to another state. (Doc. 42 at 2). Plaintiff applied to transfer his probation from Arizona to California but withdrew his request as a result of the Covid-19 pandemic. (Doc. 42-1 at 10).

After withdrawing his request to transfer probation (Doc. 42-1 at 13-14), Plaintiff's probation was revoked because he violated the conditions of his release. (*Id.*) He was also sentenced to forty-two days in jail because of this probation violation. (*Id.*) Plaintiff now asks that this Court enjoin the State of Arizona and his probation officers from enforcing probation against him and vacate the State's enforcement of probation under the Declaratory Judgment Act. (Doc. 8 at 1-2).

## II.     Legal Standards

Plaintiff seeks relief under the Declaratory Judgment Act, which provides that "[i]n a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such a declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). The Declaratory Judgment Act confers "unique and substantial discretion" upon district courts "in deciding whether to declare the rights of litigants." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286 (1995). A court has subject matter jurisdiction in a declaratory judgment action when "the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007). "A declaratory

judgment plaintiff must demonstrate, by a totality of the circumstances, the presence of an actual or imminent injury caused by the defendant that can be redressed by judicial relief." *Ours Tech., Inc. v. Data Drive Thru, Inc*., 645 F. Supp. 2d 830, 836 (N.D. Cal. 2009) (citing *Teva Pharms. USA, Inc. v. Novartis Pharms. Corp.,* 482 F.3d 1330, 1338 (Fed. Cir. 2009)).

A motion to dismiss under Rule 12(b)(1) tests the subject matter jurisdiction of the court. *See Savage v. Glendale Union High Sch*., 343 F.3d 1036, 1039–40 (9th Cir. 2003). The plaintiff must show that the court in question has jurisdiction to hear their case. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A court must dismiss a plaintiff's complaint if it fails to establish subject matter jurisdiction. *Savage*, 343 F.3d at 1039 n.2.

### III. Discussion

Defendants argue that the Court should dismiss Plaintiff's request for declaratory and injunctive relief because (1) he lacks standing; (2) the Eleventh Amendment bars his claims against the probation officers acting in their official capacity; (3) the *Rooker-Feldman* doctrine prohibits a district court from hearing a direct appeal from the final judgement of a state court; and (4) Plaintiff fails to state a claim entitling him to relief. (Doc. 42 at 1–2). The Court finds that it must abstain from hearing this case under the *Rooker-Feldman* doctrine.

#### A. *Rooker-Feldman* Abstention

Under the *Rooker-Feldman* doctrine, federal district courts generally lack jurisdiction to review a final state court decision. *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983); *Rooker v. Fidelity Tr. Co*., 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923). The reasoning underlying this principle is that the United States Supreme Court is the only federal court with jurisdiction to hear direct appeals from a final state court judgment. *Noel v. Hall*, 341 F.3d 1148, 1154 (9th Cir. 2003). Therefore, if a party is disappointed with a state court judgment, that party may not appeal to federal district court, even if the issue would be otherwise within federal district court jurisdiction based upon a federal question or diversity of citizenship. *Id*. at 1155.

The doctrine applies to both final state court judgments and interlocutory orders. *See Doe & Assocs. Law Offices v. Napolitano*, 252 F.3d 1026, 1030 (9th Cir. 2001). "The purpose of the doctrine is to protect state judgments from collateral federal attack." *Id.*

To determine whether *Rooker-Feldman* applies, and whether this Court lacks jurisdiction, this Court must first consider whether this action was essentially brought as an appeal from an adverse state-court decision. *See Lance v. Dennis*, 546 U.S. 459, 463 (2006); *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 291 (2005). This is because the doctrine only applies when "the losing party in state court filed suit in federal court after the state proceedings ended." *Exxon Mobil*, 544 U.S. at 291 (emphasis added). If issues presented in a federal suit are "inextricably intertwined" with issues presented in a forbidden de facto appeal from a state court decision, *Rooker-Feldman* dictates that those intertwined issues may not be litigated in federal court. *Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1142 (9th Cir. 2004).

*Rooker-Feldman* does not bar jurisdiction where the federal court plaintiff is simply complaining of a "legal injury caused by an adverse party"; it instead bars jurisdiction if the federal plaintiff is complaining of "a legal injury caused by a state court judgment." *Noel*, 341 F.3d at 1163. Thus, "[w]hen there is parallel state and federal litigation, *Rooker-Feldman* is not triggered simply by the entry of judgment in state court." *Exxon Mobil*, 544 U.S. at 292 (rejecting application of *Rooker-Feldman* doctrine when state court action was resolved by jury verdict while related parallel federal court action was ongoing); *see also Noel*, 341 F.3d at 1159 ("The rule that permits simultaneous litigation in state and federal court of overlapping and even identical cases is deeply rooted in our system"). In other words, if the state and federal actions are concurrent, and the federal action was not brought in response to an adverse state court decision, *Rooker-Feldman* does not apply. *See id.*

Here, Plaintiff essentially appeals the state court's imposition of a sentence of probation. (Doc. 8 at 1–2). He asks this Court to "clarify the rights and duties of the parties under the Interstate Compact." (*Id.*) He also asks the Court to enjoin Defendants from enforcing the conditions of his probation against him, such as reporting to his probation

officer, performing community service or searching for employment. (*Id.*) Plaintiff's request for declaratory and injunctive relief are "inextricably intertwined" with the state court's judgement and sentence of probation (Doc. 42-1 at 2–7) and are thus a "forbidden de facto appeal." *See Noel*, 341 F.3d at 1156 ("when a losing plaintiff . . . brings a suit in federal district court asserting as legal wrongs the allegedly erroneous legal rulings of the state court and seeks to vacate or set aside the judgment of that court, the federal suit is a forbidden de facto appeal"). The Court notes that a "[f]inal judgment in a criminal case means [the] sentence. The sentence is the judgment." *United States v. Arpaio*, 951 F.3d 1001, 1006 (9th Cir. 2020) (citing *Berman v. United States*, 302 U.S. 211, 212 (1937)). As Defendants point out, the sentencing court retains jurisdiction over a probationer until probation is successfully completed or revoked—therefore—the proper forum for Plaintiff's arguments is in state court, not here. (Doc. 42 at 7 (citing *State v. Contreras*, 885 P.2d 138, 141 (Ariz. Ct. App. 1994)). Thus, because this action was "essentially brought as an appeal from an adverse state-court decision," this Court does not have subject matter jurisdiction and must dismiss this action. *See Noel*, 341 F.3d at 1156.

Accordingly,

**IT IS ORDERED** that Defendants' Motion to Dismiss (Doc. 42) is **GRANTED** and Plaintiff's Amended Complaint (Doc. 8) is **DISMISSED** with prejudice.

**IT IS ALSO ORDERED** that Plaintiff's various Motions (Doc. 38, 39, 48, 50 and 56) are all **DENIED** as moot.

**IT IS FINALLY ORDERED** directing the Clerk of Court to terminate and close this matter.

Dated this 21st day of May, 2024.

Honorable Diane J. Humetewa
United States District Judge